UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE M. WARD,<br><br>        Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV-07-3017-JPH<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

    Before the Court, without oral argument, is the Report and Recommendation entered on January 29, 2008 (Ct. Rec. 26), recommending that Defendant's Motion for Summary Judgment (Ct. Rec. 20) be granted, and Plaintiff's Motion for Summary Judgment (Ct. Rec. 15) be denied. Plaintiff filed objections on February 8, 2008. (Ct. Rec. 27.)

    Plaintiff's objections to the Report and Recommendation request oral argument. (Ct. Rec. 27.) The scheduling order in this matter indicated that oral argument may be requested by either party. (Ct. Rec. 13 at 2). However, the order states that the requesting party must contact the Court at least two weeks prior to the date of submission of the issues, November 19, 2007, to arrange a suitable date for oral argument to be heard. *Id.* Accordingly, the time to request oral presentation on the merits of this case has long since

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 1

passed. In any event, the undersigned finds that oral argument is not warranted in this matter, and the Court addresses Plaintiff's objections, herein, without oral presentation.

Upon consideration of the Report and Recommendation, as well as Plaintiff's objections thereto, the Court adopts the magistrate judge's Report and Recommendation in its entirety.

**1. Credibility**

Plaintiff objects to the magistrate judge's finding that the ALJ did not err by concluding that Plaintiff's statements concerning the intensity, duration, and limiting effects of her symptoms were not entirely credible. (Ct. Rec. 27 at 2-7.) Plaintiff contends the ALJ conducted an improper credibility analysis and that none of the reasons provided in the Report and Recommendation as support for the ALJ's negative credibility finding show any lack of credibility on the part of Plaintiff. *Id*.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ is in the best position to assess Plaintiff's credibility, and it is not the role of this Court to second guess the ALJ's credibility determination. *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir. 1989). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court must not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ considered the evidence of record and concluded that Plaintiff's statements concerning the intensity, duration, and limiting effects of those symptoms were not entirely credible. (AR 21.) The ALJ found that Plaintiff could only perform a limited

range of sedentary exertion level work. (AR 20.) While Plaintiff testified that she is able to walk only ½ block before experiencing pain and needs to lie down two to three times per day for 10 to 20 minutes at a time due to pain (AR 20-21, 262, 265), the ALJ only accepted Plaintiff's testimony to the extent that it was consistent with his restrictive RFC finding.

Consistent with the ALJ's finding, the objective medical evidence of record does not support Plaintiff's allegations of disabling pain and limitations. A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided that it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

The ALJ also referenced Plaintiff's activities of daily living, cleaning house and providing primary care for her three-month-old baby, as inconsistent with Plaintiff's allegations of disability. (AR 21, 269-270.) It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair*, 885 F.2d at 603.

Furthermore, as indicated in the Report and Recommendation (Ct. Rec. 26 at 11), while the ALJ noted that Plaintiff had been evaluated on a number of occasions since December 2002 and diagnosed with major depressive disorder, she had participated in only minimal mental health treatment. (AR 21, 115, 184-186.) Conservative or minimal treatment during the relevant time period may suggest a lower level of pain and functional limitation. *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995).

Moreover, in late February 2006, Plaintiff reported to Dr. Humann that she was doing well on medication and had "lots of energy

to take care of her baby." (AR 237.) The effectiveness of medication in alleviating symptoms is a relevant factor to consider in evaluating the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3). Dr. Humann gave Plaintiff a Global Assessment of Functioning ("GAF") score indicative of only mild symptoms with some difficulty in functioning at that time. (AR 237.)

The ALJ also indicated that Plaintiff's substance abuse likely contributed to her symptoms of depression prior to March of 2005. (AR 21.) A psychiatric evaluation performed by Dr. Ferber on August 27, 2003, led that doctor to opine that Plaintiff's drug and alcohol use "undoubtedly contributes to her difficulties with depression." (AR 117.)

After reviewing the record, the undersigned finds that the reasons provided by the ALJ for determining that Plaintiff's allegations of disability were not fully credible are clear and convincing and supported by substantial evidence in the record. The undersigned therefore finds that Plaintiff's objection is without merit.

**2. Medical Professional Opinions**

Plaintiff argues that the magistrate judge erred by affirming the ALJ's rejection of Plaintiff's treating and examining sources. (Ct. Rec. 27 at 7-). Plaintiff specifically reasserts that the ALJ erred by rejecting the opinions of Dr. Bothamley, Dr. Humann, Ms. Usatine and Dr. Sager.

As noted in the Report and Recommendation, in making his restrictive RFC determination, the ALJ specifically declined to give controlling weight to Dr. Bothamley's April 2006 opinion that Plaintiff would likely miss three days of work per month secondary

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 4

to pain (AR 240-241), Dr. Humann's assessment of severe and marked limitations in most areas of work-related mental functioning (AR 235-236), and Ms. Usatine's report that Plaintiff was "chronically mentally ill" (AR 108-111). (AR 22-23.) The ALJ additionally questioned Dr. Sager's report that fibromyalgia was the most likely medical explanation for Plaintiff's musculoskeletal symptoms. (AR 19, 232-234.)

The ALJ's RFC determination is consistent with Dr. Bothamley's opinion that Plaintiff would be limited to sedentary work with postural limitations. (AR 20, 126.) The ALJ also noted that Dr. Bothamley's report of Plaintiff's need to lie down two to three times per day for periods of 10 minutes could be accommodated in employment during regular breaks and lunch periods. (AR 22, 240.) However, the ALJ gave little weight to Dr. Bothamley's opinion that Plaintiff would miss three days of work per month secondary to pain. (AR 22, 241.)

While the undersigned agrees with Plaintiff that the magistrate judge may have improperly "observe[d] that Dr. Bothamley's reports may be viewed as his attempt to assist his patient with her disability claim" (Ct. Rec. 26 at 16), Dr. Bothamley's opinion that Plaintiff would miss three days of work per month secondary to pain appears to be based, at least in part, on Plaintiff's noncredible subjective complaints and is not supported by the weight of the record evidence. The ALJ appropriately rejected the opinion of Dr. Bothamley that Plaintiff would miss three days of work per month secondary to pain.

The ALJ also gave little weight to the April 2006 check-box report of Dr. Humann which assessed extreme functional limitations.

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 5

(AR 22, 235-236.) In addition to being a check-box form report with no explanation, the assessed limitations are inconsistent with Dr. Humann's own recent reports which indicated Plaintiff had improved, displayed only some mild symptoms, was doing well on medication and had lots of energy. Also inconsistent with Dr. Humann's assessed limitations on the check-box form is Plaintiff's testimony that she is able to maintain her house and provide primary care for her three-month-old baby. (AR 269-270.) The ALJ provided sufficient reasons, supported by substantial weight, to reject the opinion of Dr. Humann that Plaintiff had marked and severe limitations in most areas of work-related functioning. (AR 235-236.)

Regarding Ms. Usatine's November 1, 2004 opinion that Plaintiff was "chronically mentally ill" (AR 108-111), the magistrate judge appropriately determined that the ALJ provided ample reasons, supported by substantial evidence, for rejecting her opinion. (*See*, Ct. Rec. 26 at 19-20.) Plaintiff's objection is unpersuasive.

Finally, Dr. Sager's opinion that fibromyalgia was the most likely medical explanation for Plaintiff's musculoskeletal symptoms was properly called into questioned by the ALJ. As indicated in the Report and Recommendation, there is no evidence that Dr. Sager performed a tender point examination, Dr. Sager instead found that Plaintiff had "[f]ull essentially painless range of motion through the neck, shoulders, elbows, wrists, and small joints of the hands, hip, knees, ankles and . . . feet," and noted only very modest low back guarding, "mild tenderness trapezii, trochanteric bursae, medial knee soft tissues," modest gluteal tenderness, and some left medial trapezius tenderness (AR 233), and there is no other evidence of record to support a diagnosis of fibromyalgia. (Ct. Rec. 26 at

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 6

20.)  Furthermore, as noted by the magistrate judge, even if Dr. Sager's opinions were credited, Dr. Sager did not discuss or assess any functional limitations as a result of this "likely" diagnosis. *Id.* at 21.

As determined by the ALJ and confirmed by the magistrate judge, the substantial weight of the evidence of record supports the ALJ's finding that Plaintiff can perform a limited range of sedentary exertion level work.

**3.  Employability**

Plaintiff lastly objects to the magistrate judge's conclusion that she is capable of performing work.  (Ct. Rec. 27 at 14-15.) The undersigned finds that the ALJ's step five determination was proper because it was made in reliance on an appropriate residual functional capacity assessment finding and on vocational expert testimony which properly accounted for all of Plaintiff's limitations.  The weight of the record supports a conclusion that Plaintiff is able to perform other work existing in sufficient numbers in the national economy. Accordingly, Plaintiff's objection in this regard lacks merit.

**4.  Conclusion**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the January 29, 2008, Report and Recommendation to be supported by the record and by the Magistrate Judge's analysis.  Plaintiff's objections present no grounds for overruling the Magistrate Judge's analysis. Accordingly, the Court adopts the magistrate judge's report and

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 7

recommendation in its entirety.

**IT IS HEREBY ORDERED** that the Report and Recommendation **(Ct. Rec. 26)** to grant Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** and deny Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15)** is **ADOPTED in its entirety**. The Commissioner's decision to deny Plaintiff disability benefits is **AFFIRMED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and an Order of Judgment, forward copies to counsel, and close the file.

DATED this ____25th____ day of February 2008.


                              ____S/ Edward F. Shea____
                                  EDWARD F. SHEA
                            UNITED STATES DISTRICT JUDGE

Q:\Civil\2007\07cv3017.Ward.Ord Adopting R&R.wpd